UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL ACTION NO. 2:13-CR-436-1 |
| NORMA ERRIZURIZ ROSALES | § | |

**ORDER**

Norma Errizuri Rosales filed a motion for sentence reduction based upon 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guideline Manual. D.E. 40. Because Rosales' guideline range does not change, no sentence reduction is authorized.

Rosales was convicted after her guilty plea to conspiracy to launder money and was sentenced in 2014 to 57 months in the Bureau of Prisons. D.E. 38. A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id*.[1]

---

[1] In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement. . . .

Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

> (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

At sentencing, Rosales' base offense level was determined based upon the type and quantity of illicit drugs attributable to her, 6.553 kilograms of cocaine, resulting in a base offense level of 32, which was capped at 30 pursuant to § 2D1.1(a)(5), for a participant who has only a minor role. Two additional levels were added because the offense involved a violation of 18 U.S.C. § 1956. Rosales received credit for acceptance of responsibility. She had no scoreable criminal history.[2] At sentencing, Rosales received credit for safety valve and for minor role which resulted in a total offense level of 25 and a sentencing guideline range of 57 to 71 months. The Court sentenced Rosales to 57 months.

Under Amendment 782, although the offense level corresponding to the quantity of cocaine is reduced from 32 to 30, the cap from § 2D1.1(a)(5) no longer reduces Rosales' offense level as it did at the time of sentencing. With all other adjustments remaining the same, Rosales' guideline range remains unchanged. As a result, she is not eligible for a sentence reduction.

Although a court may consider post-sentencing rehabilitation in exercising its discretion to determine a new sentence for persons eligible for a sentence reduction, such good conduct alone does not permit the Court to reduce the sentence of someone who is not eligible. *See* U.S.S.G. § 1B1.10, Application Notes 1(B)(iii).

---

§ 1B1.10(a)(1), 2(B)

[2] D.E. 29, ¶¶ 25-26.

Because Rosales' guideline range is unchanged, the Court DENIES Rosales' motion for sentence reduction. D.E. 19.

SIGNED and ORDERED this 12th day of June, 2015.

_____
Janis Graham Jack
Senior United States District Judge